STEVENSON, J.
Appellants, Joseph Venezia and Vincent Gerardi, challenge an order of final summary judgment in favor of Sunrise View, Inc. Sunrise View was the plaintiff in a suit against appellants, which alleged a violation of Florida’s Securities and Investor Protection Act as the result of the alleged sale of an unregistered security. See § 517.07(1), Fla. Stat. (2010) (“It is unlawful and a violation of this chapter for any person to sell or offer to sell a security within this state unless the security is exempt under s. 517.051, is sold in a transaction exempt under s. 517.061, is a federal covered security, or is registered pursuant to this chapter.”). We reverse as genuine issues of fact remain.
The evidence offered in support of summary judgment was limited to Sunrise View’s sworn motion. In it, Sunrise asserted that appellants offered them an investment opportunity whereby Sunrise would invest $300,000 with appellants, which would generate $3 million in thirty days. Sunrise had nothing to do but wait. Once Sunrise received the $3 million, it would be required to “pay back a portion of’ the $3 million to appellants over time, plus fees and interest. Pursuant to the appellants’ instruction, Sunrise wired $300,000 to a bank account but received *1052 neither a return on its investment nor the return of its investment. Appellants subsequently advised Sunrise that the money was used in an investment scheme whereby the $300,000 was wired to a third-party foreign-currency money trader. The profits generated by the trade of foreign currency were to have been provided to Sunrise, but the appellants have refused to “fully disclose how the $300,000 was used and exactly what parties were involved in the investment.”
“[W]hether a particular investment constitutes a security depends on the facts and circumstances of each individual case.” Rudd v. State, 386 So.2d 1216,1218 (Fla. 5th DCA 1980). The definition of a “security” is extensive and includes an “investment contract,” a “beneficial interest in title to property, profits, or earnings,” an “interest in or under a profit-sharing or participation agreement or scheme,” and a “note,” among other transactions. See § 517.021(21)(a)-(w), Fla. Stat. It is apparent that genuine issues of material fact remain, including whether a “sale” may have taken place within the meaning of section 517.021(20) (sale is defined as “any contract of sale or disposition ... for value”). The limited evidence offered also failed to establish, as a matter of law, that the subject transaction involved a “security” as that term is defined in chapter 517.

Reversed and Remanded.

WARNER and CONNER, JJ., concur.